IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FAST FLOW, LLC, and<br>PEMBERTON PATENTS LLC.<br><br>Plaintiffs,<br><br>v.<br><br>AXIS OILFIELD RENTALS, LLC<br><br>Defendant. | CIVIL ACTION NO. 2:17-06782 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Fast Flow LLC d/b/a Fast Flow Pumps ("Fast Flow") and Pemberton Patents LLC for their complaint against Defendant Axis Oilfield Rentals ("Axis") aver that:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, specifically including 35 U.S.C. § 271.

**THE PARTIES**

2. Plaintiff Fast Flow LLC d/b/a Fast Flow Pumps is a company organized under the laws of the State of Mississippi, with a principal place of business at 9700 MS-63, Moss Point, Mississippi, 39562.

3. Plaintiff Pemberton Patents LLC is a company organized under the laws of the State of Mississippi, with a principal place of business at 2612 Rolling Meadows Rd, Gautier, Mississippi, 39553.

4. Axis Oilfield Rentals LLC is a company organized under the laws of the Louisiana with a principal place of business at 261 Highway 1085, Madisonville, Louisiana 70447.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Axis is deemed to reside in this judicial district by virtue of being incorporated in the State of Louisiana and having its principal place of business in this District. In addition, on information and belief, Axis regularly transacts business in Louisiana, including but not necessarily limited to making, using, and/or leasing products that infringe one or more of the asserted patents at and/or from its principal place of business in Louisiana. Accordingly, this Court may properly exercise personal jurisdiction over Axis.

7. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b) at least because Axis is deemed to reside in this judicial district by virtue of being incorporated in the State of Louisiana and having its principal place of business in this District. In addition, on information and belief, Axis has committed acts of infringement in the State of Louisiana, and in this District, but not necessarily limited to making, using, and/or offering for lease products that infringe one or more of the asserted patents at and/or from its principal place of business located in Louisiana and this District.

## THE PATENTS-IN-SUIT

8. U.S. Patent No. 6,942,448 ("the '448 Patent"), titled "Pump," was issued by the United States Patent and Trademark Office ("USPTO) on September 13, 2005. A true and correct copy of the '448 Patent is attached hereto as Exhibit A.

9. U.S. Patent No. 7,442,003 ("the '003 Patent"), titled "Pump," was issued by the United States Patent and Trademark Office ("USPTO) on October 28, 2008. A true and correct copy of the '003 Patent is attached hereto as Exhibit B.

10. The '448 Patent and '003 Patent are referred to herein collectively as the Patents-in-Suit.

11. Pemberton Patents LLC owns all rights, title and interests in the Patents-in-Suit, which have been exclusively licensed to Fast Flow.

## FACTS

12. Fast Flow recently discovered that Axis is manufacturing, using and offering for lease in the United States double suction annular inlet pumps that infringe the Patents-in-Suit (hereinafter "the Axis double suction pumps") at and/or from its principal place of business located in this District. Axis is further inducing others to infringe the Patents-in-Suit by renting the pumps to others who infringe those patents by using the pumps.

13. Fast Flow began communicating with Axis in 2014 when Axis sought to purchase Fast Flow pumps manufactured in accord with the disclosure and claims of the Patents-in-Suit. Around that time, Axis began purchasing Fast Flow's patented pumps.

14. In 2016, Axis sought to expand its relationship with Fast Flow, and in connection with those discussions Dustin Labat, its President, signed an Agreement of Non-Competition and Non-Disclosure of Proprietary Technology with Fast Flow.

15. Therein, Axis agreed not to make competing pumps nor assist others in doing so. Further Axis agreed not to use other double suction pumps or manufacture Fast Flow pump parts for capital or commercial gain. Under that Agreement, Fast Flow disclosed to Axis confidential information related to its business and its pump technology.

16. During a recent visit by Fast Flow to Axis's facilities, Fast Flow discovered that Axis is providing services to others using the infringing pumps and leasing infringing pumps to others, who in turn use those pumps and infringe the Patents-in-Suit. At all pertinent times, since at least 2016 when Axis signed the referenced agreement, Axis had actual knowledge of the

Patents-in-Suit, knowledge that the Fast Flow's pumps are covered by those patents, and encouraged others to infringe those patents through its services and leasing activities.

17. On information and belief, Axis's actions, alone and in conjunction with others, constitute a willful theft of Fast Flow's intellectual property, including willful infringement of the Patents-in-Suit. Such activities warrant this Court awarding Plaintiffs treble damages, attorneys' fees, and costs.

## PATENT INFRINGEMENT CLAIMS

### Count I – Infringement of U.S. Patent No. 6,942,448

18. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 17 above.

19. The '448 Patent is generally directed to a dual inlet centrifugal pump, where the inlets provide fluids or solid to be pumped to both sides of the impeller. *See* '448 Patent, 1:60–2:14.

20. On information and belief, Axis directly infringes one or more claims of the '448 Patent, either literally or under the doctrine of equivalents. Non-limiting examples of such infringement are provided below, based on the limited information currently available to Plaintiffs.

21. Claim 1 of the '448 Patent recites as follows:

A self-priming immersible centrifugal pump apparatus for removing liquid and solids which pumps forward or in reverse comprising:

a) a housing having a front wall and a rear wall, a discharge outlet opening in a top portion and opposing inlet means on opposite sides of the housing which creates equal pressure from both sides on an impeller,

b) said impeller within and in spaced relationship with said housing, said impeller having a slope on both sides of about 30 to 45 degrees and outwardly extending blades along its periphery for movement of flowable material outward to the discharge outlet, and

c) a drive shaft mounted in said housing and connectable to a motor means, said impeller and housing cooperating to discharge flowable material through said discharge outlet opening in response to rotation of said impeller.

22. On information and belief, the Axis double suction pumps satisfy each and every limitation of Claim 1. The infringing pumps include a housing with a discharge outlet in a top portion and inlets for receiving fluid or other materials on each side of the impeller contained within the housing.  The impeller also has a slope on both sides as recited in the claim above, and the pump has a drive shaft mounted within the housing, which is connected to a motor or other means to rotate the shaft such that the housing and impeller cooperate to discharge the fluid or other materials through the discharge outlet.

23. In view of the foregoing, Axis directly infringes the '448 Patent in violation of 35 U.S.C. §§ 271(a) and (b).

24. Plaintiffs have complied with the requirements of 35 U.S.C. §287 in connection with its products covered by the '448 Patent.

25. Plaintiffs have no adequate remedy at law for Axis's acts of infringement. As a direct and proximate result of Axis's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Axis's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

**Count II – Infringement of U.S. Patent No. 7,442,003**

26. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 25 above.

27. The '003 Patent is generally directed to dual inlet centrifugal pump, where the inlets provide fluids or solid to be pumped on both sides of the impeller. *See* '003 Patent, 1:65 – 2:20.

28. On information and belief, Axis directly infringes one or more claims of the '003 Patent, either literally or under the doctrine of equivalents. Non-limiting examples of such infringement are provided below, based on the limited information currently available to Plaintiffs.

29. Claim 1 of the '003 Patent recites as follows:

A self-priming immersible centrifugal pump apparatus for removing liquid and solids which pumps forward or in reverse comprising:

a) a housing having a front wall and a rear wall, a discharge outlet opening in a top portion and opposing inlet means on opposite sides of the housing which creates equal pressure from both sides on an impeller;

b) an impeller having a slope within and in spaced relationship with said housing, said impeller having a slope of at least 30 degrees and outwardly extending blades along its periphery for movement of flowable material outward to the discharge outlet, and

c) a drive shaft mounted in said housing and connectable to a motor means, said impeller and housing cooperating to discharge flowable material through said discharge outlet opening in response to rotation of said impeller.

30. On information and belief, the Axis double suction pumps satisfy each and every limitation of Claim 1. The infringing pumps include a housing with a discharge outlet in a top portion and inlets for receiving fluid or other materials on each side of the impeller contained within the housing. The impeller also has a slope on both sides as recited in the claim above, and the pump has a drive shaft mounted within the housing, which is connected to a motor or other

means to rotate the shaft such that the fluid or other materials are discharged through the discharge outlet.

31. In view of the foregoing, Axis directly infringes the '003 Patent in violation of 35 U.S.C. §§ 271(a) and (b).

32. Plaintiffs have complied with the requirements of 35 U.S.C. §287 in connection with its products covered by the '003 Patent.

33. Plaintiffs have no adequate remedy at law for Axis's acts of infringement. As a direct and proximate result of Axis's acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Axis's acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

## **DEMAND FOR JURY TRIAL**

34. Plaintiffs demand a jury trial on all matters so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

a) A finding that Axis has directly infringed the Patents-in-Suit;

b) An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiffs for Axis's infringement of the Patents-in-Suit, including both pre- and post-judgment interest and costs as fixed by the Court;

c) A preliminary and/or permanent injunction against Axis and its officers, agents, servants, employees, and representatives, and all others in active concert or participation with them, from further infringing the Patents-in-Suit;

d) A finding that Axis's infringement of the Patents-in-Suit has been willful, and a corresponding award of enhanced damages for Plaintiffs in an amount of three times the damages awarded;

e) A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Plaintiffs' reasonable attorney fees incurred in connection with the litigation; and

f) Any additional and further relief the Court may deem just and proper under the circumstances.

Dated: July14, 2017                             Respectfully submitted,


/s/ Chris P. Perque
JASON P. MUELLER (#28698)
ADAMS AND REESE LLP
701 Poydras Street, Ste. 4500
New Orleans, Louisiana  70139
Phone: (504) 581-3234
Fax:    (504) 556-0210
Email: jason.mueller@arlaw.com

Chris P. Perque (#21015)
ADAMS AND REESE LLP
1221 McKinney St., Suite 4400
Houston, TX  77010
Tel:  713.308.0167
Fax:  713.308.4072
Email:  chris.perque@arlaw.com

ATTORNEYS FOR PLAINTIFFS
FAST FLOW, LLC, and
PEMBERTON PATENTS LLC.